Bryan K. Weir, CA Bar #310964
Thomas R. McCarthy*
William S. Consovoy*
Cameron T. Norris*
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
(703) 243-9423

*Admitted pro hac vice

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY S. KOENIG, an individual,<br><br>Plaintiff,<br><br>v.<br><br>GAVIN CHRISTOPHER NEWSOM, in his official capacity as Governor of the State of California, ALEX PADILLA, in his official capacity as California Secretary of State,<br><br>Defendants. | No. 2:19-cv-01507 |
| DONALD J. TRUMP FOR PRESIDENT, INC., DONALD J. TRUMP, in his capacity as a private citizen,<br><br>Plaintiffs,<br><br>v.<br><br>ALEX PADILLA, in his official capacity as California Secretary of State, and XAVIER BECERRA, in his official capacity as California Attorney General,<br><br>Defendants. | No. 2:19-cv-01501<br><br>**PLAINTIFFS DONALD J. TRUMP FOR PRESIDENT, INC. AND DONALD J. TRUMP'S OPPOSITION TO MOTION TO CONSOLIDATE RELATED CASES** |

## INTRODUCTION

Plaintiff Jeffrey Koenig has failed to meet his burden of demonstrating that consolidation of the related cases challenging SB27 is warranted. That is because consolidation is inappropriate for several reasons. First, Plaintiffs in one of the cases are the 45th President of the United States and his re-election campaign. *See Donald Trump for President, Inc. v. Padilla*, 2:19-cv-1501. They possess unique interests in this case because Donald J. Trump was the target of SB27, and their interest in challenging SB27 extends only to this primary season. Second, Koenig overstates the common issues in these related cases: the different plaintiffs advance different claims and have different strategic goals and timelines. Third, even assuming there was sufficient overlap among the various cases, consolidation is premature. Consolidation is typically utilized to alleviate the most burdensome parts of litigation, discovery and trial. *See, e.g.*, *Arrieta v. Cty. of Kern*, 2015 WL 5021688, at *3 (E.D. Cal. Aug. 21, 2015). For that reason, courts routinely deny consolidation because of pending substantive motions. Finally, any purported benefits of consolidation at this stage can be achieved through orderly administration of these cases.

## LEGAL STANDARD

Federal Rule of Civil Procedure 42(a) governs motions to consolidate. It provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "The party seeking consolidation bears the burden of demonstrating that convenience and judicial economy would result from consolidation." *Anselmo v. Cty. of Shasta*, 2012 WL 13046421, at *1 (E.D. Cal. Aug. 6, 2012). And "the court must examine 'the special underlying facts' with 'close attention' before ordering a consolidation." *Banacki v. OneWest Bank*, *FSB*, 276 F.R.D. 567, 571 (E.D. Mich. 2011).

"Consolidation is not justified merely because the [the same statute] is involved in both suits." *Certified/LVI Envtl. Servs., Inc. v. PI Const. Corp.*, 2003 WL 1798542, at *1 (W.D. Tex. Mar. 3, 2003). When evaluating whether to consolidate multiple cases, a court considers "the interest of judicial convenience" and "the potential for delay, confusion and prejudice that may

Opposition to Motion to Consolidate

1

result from such consolidation." *Modesto Irrigation Dist. v. Gutierrez*, 2007 WL 915228, at *4 (E.D. Cal. Mar. 26, 2007). Ultimately, the Court retains the discretion whether to deny a motion to consolidate. *Anselmo*, 2012 WL 13046421, at *1; *Investors Research Co. v. U.S. Dist. Court for Central Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989).

## ARGUMENT

Koenig has failed to meet his burden of demonstrating that consolidation is warranted. Indeed, there are several reasons why the Court should deny Koenig's motion to consolidate. First, the plaintiffs in case 2:19-cv-1501 are Donald J. Trump and Donald J. Trump for President, Inc. (the "Trump Plaintiffs"). Although Donald J. Trump brings that action in his capacity as a private citizen, he has special and unique interests that differ from every other plaintiff challenging SB27. To put it simply, he occupies "a unique office with vast and important powers and responsibilities." *United States v. Hanna*, 293 F.3d 1080, 1085 (9th Cir. 2002). His "unique position in the constitutional scheme" warrants special "respect" in the conduct of litigation. *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 382, 385 (2004) (citations omitted). Moreover, he was the identified target of SB27. *See, e.g.*, Ex. C, ¶¶ 55-56. And his interest in challenging SB27 extends only to this election cycle (unlike every other plaintiff challenging SB27). He is seeking reelection in 2020, and the Trump Plaintiffs want his name on the California primary ballot for that reason.

Second, Koenig overstates the overlap in these cases. To start, the different plaintiffs bring different claims. Unlike the other plaintiffs, for example, the Trump Plaintiffs assert that SB27 was passed specifically to retaliate against President Trump. Ex. C, ¶¶ 67-70. And they are the only plaintiffs to assert that SB27 is preempted by the Ethics in Government Act. *Id.* ¶¶ 71-72. For their part, the plaintiffs in *Melendez v. Newsom*, 2:19-cv-1506 assert that SB27 violates the Privileges and Immunities Clause. Ex. D, ¶¶ 86-92.

The parties' litigation strategy may likewise differ in important ways. As noted above, the Trump Plaintiffs' interest in challenging SB27 applies only to this election cycle. The other plaintiffs will participate in elections in California beyond 2020 and thus have a longer-term interest in this case. These diverging interests and timelines may result in strategic differences in

Opposition to Motion to Consolidate

2

how each case is litigated. The President's case therefore should not be tied to the other cases through consolidation.

Third, consolidation is premature. Consolidating cases is a tool typically used to alleviate the most burdensome part of litigation—trial. Indeed, Rule 42 is located within Title VI of the Federal Rules, which is entitled "Trials." Consolidation is sometimes employed at earlier stages, where it "will streamline discovery." *Arrieta*, 2015 WL 5021688, at *3. But where cases raise primarily legal issues or where they are only in initial pre-discovery proceedings, consolidation does not serve that purpose. *See Anselmo*, 2012 WL 13046421, at *1 (denying motion to consolidate at the outset of the cases); *Zepeda v. Peterson*, 2013 WL 4482701, at *13 (E.D. Cal. Aug. 20, 2013) (denying motion to consolidate in a habeas case because such a "matter does not proceed to trial and discovery is not routinely permitted."). Consolidation is inappropriate here for both reasons. The claims in these cases rest primarily on the legal questions of whether SB27 is constitutional under the Presidential Qualifications Clause, First Amendment, and Fourteenth Amendment, and whether it is preempted by the Ethics in Government Act. But even if the claims were primarily factual, discovery and trial are not on the horizon because three sets of plaintiffs have already filed motions for preliminary injunction.

In fact, courts routinely deny consolidation *because of* pending substantive motions. *See Thompson v. City of St. Peters*, 2016 WL 1625373, at *2 (E.D. Mo. Apr. 21, 2016) ("[I]n light of the pending motions for judgment on the pleadings and for summary judgment, … judicial efficiency is best served by deciding the pending motions prior to any consolidation."); *Osman v. Weyker*, 2016 WL 10402791, at *3 (D. Minn. Nov. 21, 2016) (collecting cases); *cf. Playboy Enterprises*, *Inc. v. Meese*, 639 F. Supp. 581, 582 n.1 (D.D.C. 1986) (deferring consideration of a motion to consolidate pending consideration of motions for preliminary injunction). Among other reasons for doing so, litigating those motions will help reveal whether consolidation is appropriate. *See Vickers v. Green Tree Servicing, LLC*, 2015 WL 7776880, at *2 (D. Kan. Dec. 2, 2015) ("At this stage, it is too soon to ascertain the claims and parties which may remain in each case once those motions are resolved by the District Judge. Although future consolidation of these cases may conserve resources for the parties and the Court, if the cases were consolidated prior to

1  clarification of the legal claims, confusion and inconvenience could result."). The same is true here.

In addition, it is very likely that the losing parties will immediately appeal the Court's preliminary injunction decision to the Ninth Circuit given the impending election. *See* 28 U.S.C. § 1292(a) (allowing immediate appeals from decisions on a motion for preliminary injunction). Such an appeal would render the benefits of consolidation for discovery and trial moot. If discovery should become necessary later, the Court can then consider whether (and how) the cases should be consolidated. *Anselmo*, 2012 WL 13046421 at *1 ("It [is] premature for the court to consolidate the actions. If at a later date when the issues are more developed any party believes that it would be efficient to consolidate the proceedings, [the parties] may bring another motion to consolidate.").

Finally, the Court has already ensured the purported benefits of consolidation, at least for this phase, by identifying these cases as "related." There is no risk of "inconsistent adjudications" because a single District Judge is now assigned to each case and can ensure the law is uniformly applied in these cases. *See Nat'l R.R. Passenger Corp. v. Camargo Trucking*, 2013 WL 101811, at *2 (E.D. Cal. Jan. 8, 2013). Nor is consolidation necessary to avoid "unnecessary duplication of proceedings and effort." *Id.* Several motions for preliminary injunction are already on file, and the Defendants' oppositions will be filed in due course. The Court can enter any orders it deems necessary and appropriate to efficiently adjudicate those motions going forward. There is no need to consolidate these cases as a result.

## CONCLUSION

For the foregoing reasons, the Court should deny the Motion to Consolidate Related Cases.

Respectfully submitted,

Dated: August 13, 2019

/s/ Bryan K. Weir
Bryan K. Weir, CA Bar #310964
Thomas R. McCarthy*
William S. Consovoy*
Cameron T. Norris*

Opposition to Motion to Consolidate

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
(703) 243-9423

* *Admitted pro hac vice*

Opposition to Motion to Consolidate

5

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed this pleading with the Clerk of the Court using the CM/ECF system. I certify that I have been in contact with counsel for Defendants, who have not yet entered an appearance but have been served, and will transmit this filing via email to them at the below contact information.

Jay Russell
California Department of Justice
455 Golden Gate Avenue
San Francisco, CA 94102
jay.russell@doj.ca.gov
(415) 510-3617

Chad Stegeman
California Department of Justice
455 Golden Gate Avenue
San Francisco, CA 94102
chad.stegeman@doj.ca.gov
(415) 510-3624

Dated: August 13, 2019

*/s/ Bryan K. Weir*
Bryan K. Weir
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard
Suite 700
Arlington, VA 22209
(703) 243-9423

Opposition to Motion to Consolidate