STEFAN PASSANTINO*
spassantino@michaelbest.com
JUSTIN CLARK*
jrclark@michaelbest.com
JOSEPH L. OLSON*
jlolson@michaelbest.com
NICHOLAS J. BOERKE*
njboerke@michaelbest.com
MICHAEL BEST & FRIEDRICH LLP
1000 Maine Avenue SW, Suite 400
Washington, D.C. 20024
Telephone: (202) 747-9560
Facsimile: (202) 347-1819

HARMEET K. DHILLON (SBN: 207873)
harmeet@dhillonlaw.com
MARK P. MEUSER (SBN: 231335)
mmeuser@dhillonlaw.com
GREGORY R. MICHAEL (SBN: 306814)
gmichael@dhillonlaw.com
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, California 94108
Telephone: (415) 433-1700
Facsimile: (415) 520-6593

*Admitted pro hac vice*
*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEFFREY S. KOENIG, an individual, | Case No.: 2:19-cv-01507-MCE-DB |
| Plaintiff, | |
| v. | **PLAINTIFFS', MELISSA MELENDEZ, BILAL ALI ESSAYLI, CHARLES MCDOUGALD, THE REPUBLICAN NATIONAL COMMITTEE AND THE CALIFORNIA REPUBLICAN PARTY, MEMORANDUM OF LAW IN OPPOSITION TO JEFFERY KOENIG'S MOTION FOR CONSOLIDATION** |
| GAVIN CHRISTOPHER NEWSOM, in his official capacity as Governor of the State of California, ALEX PADILLA, in his official capacity as California Secretary of State, | |
| Defendants. | |

1

2  **MELISSA MELENDEZ,** an individual;
3  **BILAL ALI ESSAYLI**, an individual**;**
   **CHARLES MCDOUGALD**, an individual;
4  **THE REPUBLICAN NATIONAL**                   Case No.: 2:19-cv-01506-MCE-DB
   **COMMITTEE;** and **THE CALIFORNIA**
5  **REPUBLICAN PARTY**,                          **THIS DOCUMENT RELATES TO ALL**
                   Plaintiffs,
6                                                  **CASES:**
                 v.
7                                                  *Jeffrey S. Koenig, etc., et al. v. Gavin*
8  **GAVIN NEWSOM**, in his official capacity
   as Governor of the State of California; and     *Christopher Newsom, etc., et al.,*
9  **ALEX PADILLA**, in his official capacity as
   Secretary of State of the State of California,  No. 2:19-cv-01507-MCE-DB
10
                 Defendants.                       *Melissa Melendez, et al. v. Gavin Newsom, et al.,*
11
                                                   No. 2:19-cv-01506-MCE-DB
12
                                                   *Jerry Griffin, et al. v. Alex Padilla*, et al.,
13
                                                   No. 2:19-cv-01477-MCE-DB
14
                                                   *Donald J. Trump for President, Inc., et al. v.*
15
                                                   *Alex Padilla, et al.,*
16
                                                   No. 2:19-cv-01501-MCE-DB
17

18

19

20

21

22

23

24

25

26

27

28

Opposition to Jeffery Koenig's Motion to Consolidate

## INTRODUCTION

Jeffery S. Koenig filed a lawsuit challenging the constitutionality of the "Presidential Tax Transparency and Accountability Act of 2019," or California Senate Bill 27, now codified as California Elec. Code §§ 6880-84 (the "Act"). *See Jeffrey S. Koenig, etc., et al. v. Gavin Christopher Newsom, etc., et al.,* No. 2:19-cv-01507-MCE-DB.   There are currently three other challenges to the constitutionality of the Act currently pending before this Court. *See Jerry Griffin, et al. v. Alex Padilla, et al.,* 2:19-cv-01477-MCE-DB ("*Griffin Case"); Donald J. Trump for President, Inc., et al. v. Alex Padilla, et al.*, No. 2:19-cv-01501- MCE-DB ("*Trump Case*"); and this case *Melissa Melendez, et al. v. Gavin Newsom, et al.,* No. 2:19-cv-01506-MCE-DB ("*Melendez Case*").   Mr. Koenig has filed a motion seeking to have these four cases consolidated pursuant to Federal Rule of Civil Procedure 42(a).

Koenig's motion is fatally flawed as he has failed to meet his burden of demonstrating that consolidation of the related cases challenging the Act is warranted.   In the present situation, complete consolidation is neither necessary nor beneficial.   Formal consolidation will not achieve any more efficiency than the Court has already ensured by designating the cases as related and assigning them to the same judge.   Koenig overstates the common issues in these related cases. The different plaintiffs have different claims, different bases for standing, and also have different goals and timelines.   Moreover, even if consolidation were appropriate, which it is not, consolidation is premature.   When there are pending substantive motions, as there are in these cases (as of the time of this filing, three motions for preliminary injunction), consolidation is premature and should be denied. *See, e.g.*, *Arrieta v. Cty. of Kern*, 2015 WL 5021688, at *3 (E.D. Cal. Aug. 21, 2015) (explaining that consolidation is appropriate to alleviate burdensome parts of litigation, such as discovery and trial).

Any benefits of consolidation alleged by Koenig may be achieved through orderly administration of these cases as related.   The requested consolidation will only prejudice the ability of the Plaintiffs in the *Melendez Case*, and other cases, to adequately pursue their unique claims.

Accordingly, the Court should exercise its discretion to deny the motion.

1

## **LEGAL STANDARD**

2 Rule 42 authorizes this court to take three separate actions:

3 (1) join for hearing or trial any or all matters at issue in the actions;

4 (2) consolidate the actions; or

5 (3) issue any other orders to avoid unnecessary cost or delay.

6 Fed. R. Civ. P. 42(a).

7 This court may exercise its discretion to consolidate cases when those cases present

8 common questions of law or fact and when the benefits of consolidation outweigh the burdens of

9 consolidation. *E.g. Takeda v. Turbodyne Techs.,* 67 F. Supp. 2d 1129, 1133 (C.D. Ca. 1999). "The

10 party seeking consolidation bears the burden of establishing that the judicial economy and

11 convenience benefits of consolidation outweigh its prejudice." *Anselmo v. Cty. of Shasta*, 2012

12 WL 13046421, at *1 (E.D. Cal. Aug. 6, 2012).

13 Consolidation is not appropriate simply because the actions involve a challenge to the same

14 underlying California law. *See Certified/LVI Envtl. Servs., Inc. v. PI Const. Corp.*, 2003 WL

15 1798542, at *1 (W.D. Tex. Mar. 3, 2003) "Consolidation is not justified merely because the [the

16 same statute] is involved in both suits.").

17

## **ARGUMENT**

18 **I.    Koenig's Motion is Fatally Flawed.**

19 Koenig's motion fails to explain what he actually seeks. As noted, above, Rule 42 gives

20 this Court wide latitude to manage related cases. However, an order consolidating cases must

21 specifically identify the scope of the consolidation. *Window World of Chicagoland, LLC v.

22 Window World, LLC*, 811 F.3d 900, 903 (7th Cir. 2016). Cases may be consolidated for all

23 purposes, *Hall v. Hall,* ___ U.S. __, 138 S.Ct. 1118, 1131 (2018) or for limited and particular

24 purposes such as discovery, motion hearings, etc., *Window World of Chicagoland, LLC*, 811 F.3d

25 at 903.

26 Koenig has not identified what level of consolidation he is seeking. It is unclear whether

27 Koenig is seeking a simple coordination of the schedules in these cases, or whether he is proposing

28 a single trial. Because this Court must ultimately specify the level of consolidation, if any, it finds

2

Opposition to Jeffery Koenig's Motion to Consolidate

appropriate under the balancing test, Koenig's motion is insufficient.  Accordingly, the motion should be denied.

## II.   Consolidation is not Warranted.

This Court has already identified the subject cases as related cases under Local Rule 123. By operation of this local rule the cases have all been assigned to the same judge.  The express purpose of this common judicial assignment is to "effect[uate] a substantial savings of judicial effort" and to eliminate the "substantial duplication of labor if the actions were heard by different judges …."  Eastern District of California Local Rule 123(a)(3) & (4).

Koenig has not identified any specific economies that will be achieved by any level of consolidation beyond that already effectuated by Local Rule 123.  Instead, his motion simply points out that the parties are all seeking preliminary injunctions and a declaration that the Act is unconstitutional.  From here, Koenig argues that consolidation is necessary to avoid inconsistent adjudications.  The identification of the cases as related and their assignment to the same judge; however, are sufficient to guard against inconsistent results.  Moreover, because there is at least one case pending outside this District, *see Roque Rocky De La Fuente v. Alex Padilla,* No. 3:19-cv-01433-WQH-AHG, in the U.S. District Court for the Southern District of California, consolidation cannot fully guard against the possibility of inconsistent rulings.

A critical flaw with Koenig's motion is that he overstates the overlap in these cases. The related cases have different plaintiffs with unique and different claims. For example, the *Trump Case* Plaintiffs assert that the challenged Act was passed specifically to retaliate against President Donald J. Trump ("President Trump") and the *Trump Case* includes a unique claim related to preemption by the Ethics in Government Act.  As explained in more detail below, the *Melendez Case* further contains unique Plaintiffs and unique claims, including claims brought by the Republican National Committee's ("RNC") and the California Republican Party's ("CAGOP") for a violation of their association rights under the First Amendment to the U.S. Constitution, as incorporated by the Fourteenth Amendment.

Consolidating cases is a tool employed to alleviate the burdensome aspects of litigation, namely discovery and trial. *See, e.g. Arrieta v. Cty. of Kern*, 2015 WL 5021688, at *3 (E.D. Cal.

3

Aug. 21, 2015) (explaining that consolidation is employed before trial to "streamline discovery."). In contrast, consolidation does not serve its intended purposes when a case raises primarily legal issues or where a case is in initial, pre-discovery proceedings. *See Anselmo v. County of Shasta*, 2012 WL 13046421, at *1 (E.D. Cal. Aug. 6, 2012) (denying motion to consolidate at the outset of the cases); *Zepeda v. Peterson*, 2013 WL 4482701, at *13 (E.D. Cal. Aug. 20, 2013) (denying motion to consolidate in a habeas case because such a "matter does not proceed to trial and discovery is not routinely permitted.").

In this case consolidation is both inappropriate and premature.  All claims asserted in the related cases rest on legal questions regarding the constitutionality of the Act under the Qualifications Clause of Article II of the U.S. Constitution, the First Amendment to the U.S. Constitution, and the Fourteenth Amendment to the U.S. Constitution.  The chance of a trial or significant discovery in the near future is miniscule.  There are pending motions for preliminary injunctions in three of the four related cases.  The existence of the pending substantive motions alone justifies denial of Koenig's motion. *See Thompson v. City of St. Peters*, 2016 WL 1625373, at *2 (E.D. Mo. Apr. 21, 2016) ("[I]n light of the pending motions for judgment on the pleadings and for summary judgment, … judicial efficiency is best served by deciding the pending motions prior to any consolidation."); *Osman v. Weyker*, 2016 WL 10402791, at *3 (D. Minn. Nov. 21, 2016) (collecting cases); *cf. Playboy Enterprises*, *Inc. v. Meese*, 639 F. Supp. 581, 582 n.1 (D.D.C. 1986) (deferring consideration of a motion to consolidate pending consideration of motions for preliminary injunction). The Court will better be able to decide whether or not consolidation is appropriate after addressing the pending substantive motions. *See Vickers v. Green Tree Servicing, LLC*, 2015 WL 7776880, at *2 (D. Kan. Dec. 2, 2015) ("At this stage, it is too soon to ascertain the claims and parties which may remain in each case once those motions are resolved by the District Judge. Although future consolidation of these cases may conserve resources for the parties and the Court, if the cases were consolidated prior to clarification of the legal claims, confusion and inconvenience could result.").  The pending motions also implicate the real possibility that the losing parties will appeal this Court's decision on the pending preliminary injunctions to the Ninth Circuit Court of Appeals, further rendering the need for consolidation for discovery and trial moot.

4

Opposition to Jeffery Koenig's Motion to Consolidate

III.     **The Republican National Committee and The California Republican Party will be Prejudiced if the Cases are Consolidated.**

While Koenig has not asserted any unique claims, the same is not true of the RNC and CAGOP (or of President Trump in the *Trump Case*).  Here, the RNC and the CAGOP have asserted the unique claim that the Act violates their fundamental right under the First Amendment, as incorporated against California by the Fourteenth Amendment to "select a standard bearer who best represents the party's ideologies and preferences." *Eu v. S.F. Cty. Democratic Cent. Comm.*, 489 U.S. 214, 224 (1989) (quotation marks omitted).  The Supreme Court has recognized that a party primary is the "critical juncture at which the appeal to common principles may be translated into concerted action, and hence to political power in the community." *Tashjian v. Republican Party*, 479 U.S. 208, 216 (1986).  The RNC and the CAGOP are seeking to safeguard their own right to prohibit California from intruding into their presidential candidate nomination processes. *California Democratic Party v. Jones*, 530 U.S. 567, 575 (2000) (affirming "the special place the First Amendment reserves for, and the special protection it affords, the process by which a political party nominates candidates"); *see also, O'Brien v. Brown*, 409 U.S. 1, 4-5 (1972).

Consolidation of these actions will inherently focus the litigation on the common claims and thereby prejudice the unique constitutional claims of the RNC and the CAGOP (and of President Trump).  Indeed, because Koenig, the individual Plaintiffs in this case and the individual plaintiffs in the *Griffin Case* are pursuing their individual First Amendment associational right to vote for and support the candidate of their choosing, there is a high likelihood that consolidation will minimize the RNC and the CAGOP's separate associational rights to control the process by which their candidate for president is chosen.  The RNC and the CAGOP's rights are substantial and unique, and they should not be overshadowed by an unnecessary consolidation of these cases.

## CONCLUSION

For all of the foregoing reasons, this Court should deny Koenig's motion to consolidate the related cases.

//

Opposition to Jeffery Koenig's Motion to Consolidate

1    Dated: August 13, 2019

2

3                                              **MICHAEL BEST & FRIEDRICH LLP**

4                                              By: /s/ Joseph L. Olson
                                               Stefan Passantino, D.C. Bar No. 480037*
5                                              Justin R. Clark, D.C. Bar No. 499621*
                                               Joseph L. Olson, WI Bar No. 1046162*
6                                              Nicholas J. Boerke, WI Bar No. 1083217*
                                               Michael Best & Friedrich LLP
7                                              1000 Maine Avenue SW, Suite 400
8                                              Washington, D.C. 20024

9                                              *Admitted pro hac vice

10                                             Attorneys for Plaintiffs

11

12                                             **DHILLON LAW GROUP INC.**

13                                             By: /s/ Harmeet K. Dhillon
                                               Harmeet K. Dhillon, SBN 207873
14                                             Mark P. Meuser, SBN 231335
                                               Gregory Michael, SBN 306814
15                                             Dhillon Law Group Inc.
                                               177 Post Street, Suite 700
16                                             San Francisco, California 94108

17                                             Attorneys for Plaintiffs

18

19

20

21

22

23

24

25

26

27

28

Opposition to Jeffery Koenig's Motion to Consolidate